UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | |
|---|---|
| THE STATE OF MISSISSIPPI, *ex rel.* JIM HOOD, Attorney General for the State of Mississippi<br>PLAINTIFF,<br>v.<br>GOOGLE, LLC<br>DEFENDANT. | Civil Action No. 1:19-CV-220-SA-DAS |

# NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Google LLC ("Google") files this Notice of Removal pursuant to 28 U.S.C. § 1441(a), removing the action commenced against Google by Plaintiff the State of Mississippi *ex rel.* Jim Hood (the "Attorney General") from the Chancery Court of Lowndes County, Mississippi, to the United States District Court for the Northern District of Mississippi. The Court has original jurisdiction over certain claims in this action pursuant to 28 U.S.C. § 1331 and may exercise supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(a).

## INTRODUCTION

1. Since 2007, Google has offered a collection of online services known as G Suite for Education ("GSFE") to schools free of charge. Any school that is interested in GSFE may sign up and create accounts for its students and educators, who will have access to free email accounts, scheduling and collaboration tools, and cloud storage through the GSFE "Core Services": Gmail, Calendar, Contacts, Drive, Docs, Forms, Groups, Sheets, Slides, Talk/Hangouts, Vault, Chrome Sync, and Google Classroom. Schools also may allow their

account holders to use their GSFE accounts to access other Google services generally available for consumers, such as Maps, YouTube, Books, and News ("Additional Services"). GSFE requires schools to obtain parental consent for the collection and use of personal information in the Additional Services before allowing any users under the age of 18 to use those services.

2. Schools across Mississippi have welcomed GSFE into their classrooms, taking advantage of its powerful tools to enhance productivity and build curricula for the twenty-first century.

3. Despite the absence of a single complaint from *any* Mississippi school or student, the Attorney General filed a lawsuit against Google on January 13, 2017, alleging violations of Mississippi's consumer protection statutes based on alleged misrepresentations to GSFE customers (the "Original Complaint").

4. The Original Complaint relied on representations made by Google in four documents: (1) the K-12 School Service Provider Pledge to Safeguard Student Privacy (the "Pledge"), a voluntary set of principles established by the Future of Privacy Forum and the Software & Information Industry Association to which Google has been committed since January 2015; (2) the GSFE Agreement, the contract between schools and Google allowing access to GSFE; (3) the Data Processing Amendment ("DPA"), an optional addendum to the GSFE Agreement; and (4) the GSFE Privacy Notice, which provides information about privacy practices that are specific to GSFE.

5. The Original Complaint generally alleged that Google's practices in the Additional Services were not consistent with the representations in these four documents. The Original Complaint expressly disclaimed reliance on federal law and invoked no federal statutes.

6. Google disputed the allegations in the Original Complaint, including by filing a motion for partial summary judgment on July 30, 2019.

7. The motion for partial summary judgment argued that the Original Complaint misstated Google's representations in the Pledge, the GSFE Agreement, and the DPA. The plain language of these representations establishes that they apply only in the Core Services. The Original Complaint, however, asserted that these representations were violated by Google's collection and use of data in the *Additional Services*. The Original Complaint therefore sought to hold Google liable for breaching commitments that it never made.

8. Two days before Google's motion for partial summary judgment had been set to be heard, the Attorney General filed a First Amended Complaint (the "Amended Complaint" or "FAC") on December 3, 2019.

9. In the Amended Complaint, the Attorney General adds a new set of allegations not found in the Original Complaint: that Google's provision of GSFE to schools allegedly violates the Children's Online Privacy Protection Act, 15 U.S.C. § 6501 *et seq.* ("COPPA"). *See* FAC Section C ("Section C"), ¶¶ 87-104.

10. Enacted by Congress in 1998, COPPA creates a federal framework requiring parental consent in certain circumstances before collecting personal information from children known to be under the age of 13. COPPA does not create a private right of action. Instead, COPPA authorizes the Federal Trade Commission ("FTC") to issue regulations and provides that violation of those regulations constitutes an unfair or deceptive trade practice under Section 5 of the FTC Act, which the FTC enforces. *See* 15 U.S.C. § 6502. COPPA also provides a right to state attorneys general to enforce COPPA and bring actions related to noncompliance with its provisions, so long as they do so in federal court, provide the FTC notice and the opportunity to

intervene, and defer to any pending FTC enforcement action. *Id.* § 6504. In such actions, state attorneys general may obtain injunctive relief, damages, restitution, "other compensation on behalf of [state residents]," and "such other relief as the court may consider to be appropriate." *Id.* COPPA preempts inconsistent state law. *See* 15 U.S.C. § 6502(d).

## GROUNDS FOR REMOVAL

11. Federal jurisdiction is proper here for two reasons, each of which is sufficient by itself to support removal of this action.

12. *First*, federal jurisdiction exists under the doctrine of complete preemption, which applies where Congress creates a federal cause of action and "intended the federal cause of action to be the exclusive cause of action for the particular claims asserted under state law." *Elam v. Kansas City Southern Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011). Congress did so here, authorizing unfair and deceptive practice claims predicated on COPPA violations only in federal court.

13. *Second*, in the alternative, even if COPPA does not completely preempt the purported state law claims alleged in Section C, federal jurisdiction still exists under 28 U.S.C. § 1331 (and thus removal is proper) because the claims in Section C necessarily raise important questions of federal law. *See, e.g.*, *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Section C asks the Court to declare that Google's representations that GSFE complies with COPPA are not true; that requires deciding what obligations COPPA—a federal law—imposes on Google, and whether Google met those obligations.

### I. COPPA CREATES AN EXCLUSIVE FEDERAL CAUSE OF ACTION

14. COPPA established a uniform national framework for regulating the online collection and use of personal information from people known to be under age 13. COPPA

4

authorizes the FTC to issue enforcing regulations, 15 U.S.C. § 6502(b), and encourages self-regulation through a statutorily mandated "safe harbor" program under which compliance with certain industry guidelines is deemed to satisfy the regulatory requirements. *Id.* § 6503.

15. COPPA provides no private right of action. And COPPA precludes the states from altering the rules related to collection of information from children online, expressly preempting any state law that would "impose any liability for commercial activities or actions … that is inconsistent with the treatment of those activities or actions" under COPPA. 15 U.S.C. § 6502(d).

16. COPPA creates a cause of action for state attorneys general. *First*, a state attorney general may bring an action to "enforce compliance with the [FTC's COPPA] regulation." 15 U.S.C. § 6504(a)(1)(B). *Second*, a state attorney general may bring an action for injunctive relief, damages or restitution "[i]n *any* case" where the attorney general "has reason to believe that *an interest* of the residents of that State has been or is *threatened or adversely affected* by the engagement of any person in a practice that violates" the FTC COPPA regulation. *Id.* § 6504(a)(1) (emphasis added). Such an action may be brought "in a district court of the United States." *Id.*

17. To ensure that the federal interest in COPPA enforcement is respected, state attorneys general are required to notify the FTC before or upon filing a complaint alleging COPPA violations, and the FTC has a statutory right to intervene and be heard, including by filing a petition for appeal of any judgment. 15 U.S.C. § 6504(a)(2), (b). States also may not bring actions alleging COPPA violations against any defendant named in an FTC enforcement action during the pendency of the FTC action. *Id.* § 6504(d).

18. COPPA lists various state-law powers of attorneys general that COPPA does not restrict: to conduct investigations, administer oaths, or subpoena witnesses or documents. 15 U.S.C. § 6504(c). This list of retained powers does *not* reserve to state attorneys general the power to bring actions under state law or in state court predicated on alleged COPPA violations.

19. Section C repeatedly claims that the interests of Mississippi residents are, in the words of COPPA, "adversely affected" by Google's alleged engagement in practices that violate COPPA. *See, e.g.*, FAC ¶ 95 ("Google neither provides required COPPA notices nor allows Mississippi schools to prevent further use or online collection of Mississippi children's data."); ¶ 99 ("Nowhere does Google even attempt to comply with COPPA, and nowhere does it require any Mississippi school to obtain COPPA parental consent *on behalf of Google*.") (emphasis in original); ¶ 101 ("Google collects and retains student data in violation of COPPA.").

20. The Amended Complaint characterizes these claims as arising under state law—specifically the Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-9. But how the Attorney General chooses to describe its claims does not control the jurisdictional question. The "complete preemption" doctrine is an "*exception* to the well-pleaded complaint rule." *Elam*, 635 F. 3d at 803 (emphasis added). Plaintiffs cannot avoid complete preemption simply by insisting they do not intend to bring a federal claim. Rather, complete preemption "arises when Congress 'so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Id.* In that instance, "what otherwise appears as merely a state law claim is converted to a claim 'arising under' federal law for jurisdictional purposes." *Id.*

21. Complete preemption exists where "(1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state

law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; … [and (3)] Congress intended the federal cause of action to be exclusive." *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 775 (5th Cir. 2003).

22. All three of these requirements are met here. COPPA expressly creates a civil cause of action that protects state interests related to COPPA compliance, 15 U.S.C. § 6504, and explicitly preempts state law, *id.* § 6502(d). COPPA grants the federal courts jurisdiction to hear claims brought by state attorneys general related to COPPA. *Id.* § 6504(a). And Congress intended that federal jurisdiction be exclusive, as shown by the statute's reserving to state attorneys general the power to *investigate* under state law, but *not* reserving to state attorneys general the power to bring claims in state court. *Id.* § 6504(c). *See Manigault-Johnson v. Google, LLC*, 2019 WL 3006646, at *6 (D.S.C. Mar. 31, 2019) ("[I]t appears to the Court that Plaintiffs seek to use the vehicle of state law to privately enforce the provisions of COPPA, which Congress clearly intended to preclude when it included an express preemption clause in COPPA….").

23. COPPA therefore completely preempts state law claims predicated on alleged non-compliance with COPPA. The purported state law claims in Section C are plainly predicated on alleged non-compliance with COPPA; Section C repeatedly alleges that Google claimed to comply with COPPA, but did not. These claims thus arise under federal law and provide a proper basis for removal.

24. This is true even though the Attorney General characterizes his COPPA claims as misrepresentation claims. *See* FAC ¶ 91 ("Google's affirmative statements that its conduct complies with COPPA are false because it never obtains parental consent for activities unrelated to educational and/or school purposes"); FAC ¶ 103 ("Google falsely claims it is COPPA

7

compliant while it uses and/or combines all data of Mississippi students under 13, from one internet service to another, or when they access an Additional Service while using their G SUITE accounts."). The labels affixed to claims do not control the preemption analysis. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 214 (2004) ("distinguishing between pre-empted and non-pre-empted claims based on the particular label affixed to them would 'elevate form over substance'").

25. The federal cause of action COPPA creates for state attorneys general is broad enough to *include* an allegedly false claim of COPPA compliance. After all, a claim that a website has misrepresented its compliance with COPPA's regulations *is* a claim that, in the words of COPPA, "an interest" of a state's residents (in not being subjected to unfair or deceptive practices) has been "threatened or adversely affected" by practices that violate the FTC's COPPA regulations.

26. Additionally, a claimed misrepresentation about compliance with COPPA has no *independent* substance; proving the representation false depends entirely on showing violation of some legal duty created by COPPA. To treat such a claim as outside COPPA's preemptive reach would eviscerate Congress' carefully constructed scheme that (a) bars private rights of action, and (b) channels state attorney general actions into federal court. In analogous circumstances, courts have held that ERISA completely preempts purported state law tort claims that are not "entirely independent" of the duties created by ERISA. *See, e.g.*, *Davila*, 542 U.S. at 213. The same is true here. The claims set forth in Section C do not rely on a duty "entirely independent" of COPPA and are thus completely preempted by COPPA.[1]

---

[1] The claims at issue here are thus quite unlike those raised in *In re Nickelodeon Consumer Privacy Litigation*, 827 F.3d 262 (3d Cir. 2016). Plaintiffs' intrusion upon seclusion claim there was not preempted because it "rest[ed] on common-law duties," not on COPPA. *Id.* at 292.

27. This action therefore may properly be removed to federal court.

## II. REMOVAL IS WARRANTED BECAUSE THE RELIEF SOUGHT DEPENDS ON RESOLUTION OF A SUBSTANTIAL QUESTION OF FEDERAL LAW

28. There is another, independently sufficient basis for federal jurisdiction.

29. Federal district courts have original jurisdiction over a state law claim if an issue of federal law is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). The claims asserted in Section C of the FAC satisfy all four elements of this test.

30. **Necessarily Raised:** As discussed above, the COPPA allegations in Section C of the FAC necessarily raise issues of federal law. Section C asks the Court to declare that certain statements Google allegedly made about complying with COPPA are false, and therefore each constitute "separate violations of Mississippi law." FAC VII ¶ 3. A court cannot evaluate whether Google's alleged representations of compliance with COPPA are false without determining what COPPA requires, and whether or not Google's conduct complied with those requirements.

31. **Actually Disputed:** Issues of federal law also are actually disputed. Google does not agree with the Attorney General's central legal allegations in Section C, including that reliance on a school to obtain consent would violate COPPA. *See* FAC ¶ 100.

32. **Substantial:** "The substantiality inquiry … looks … to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260. There are several reasons why the COPPA issues at stake in the Amended Complaint are important to the federal system.

---

Here, by contrast, the Attorney General's claims in Section C rest entirely on Google's alleged noncompliance with COPPA. Indeed, the Attorney General cannot prevail on the claims asserted in Section C without demonstrating a COPPA violation.

9

33. First, Congress has indicated a strong federal interest in COPPA issues being resolved in federal court with the potential participation of the FTC. As discussed above, COPPA requires such actions to be brought in federal court, requires giving the FTC notice and the opportunity to intervene, and forbids state attorneys general to bring a case at all if an FTC action is pending.

34. Second, the Amended Complaint raises important issues of federal law that have not yet been conclusively determined by federal courts, such as whether and to what extent a web operator can rely on a school to obtain parental consent. *See Bd. of Commissioners of Se. Louisiana Flood Prot. Auth.-E. v. Tennessee Gas Pipeline Co., L.L.C.*, 850 F.3d 714, 724 (5th Cir. 2017) (federal jurisdiction appropriate where "[t]he dispute between the parties does not just concern whether Defendants breached duties created by federal law; it concerns whether federal law creates such duties"). The internet operates nationally, and issues like this require a single, national resolution. COPPA's express preemption provision would be undermined if state courts were allowed to develop their own COPPA jurisprudence.

35. **Federal-State Balance:** The final factor—the federal/state balance—also weighs strongly in favor of federal jurisdiction. Allowing the COPPA claims in the Amended Complaint to be heard in federal court would not disrupt the federal-state balance approved by Congress. As discussed above, Congress explicitly determined that state attorney general actions predicated on alleged COPPA violations must be brought in federal court. It is remanding this case to state court that threatens the federal-state balance. Doing so would raise the prospect of fifty different, conflicting determinations of what COPPA requires, which would leave those dependent on COPPA—the internet companies who wish to provide services to children, and the

parents of those children—without the clear and stable ground rules Congress intended COPPA to provide.

36. For all these reasons, the claims set forth in Section C of the Amended Complaint arise under federal law.

## TIMELINESS

37. Defendants in this action were served with the Amended Complaint on December 3, 2019, and the case alleged by the Original Complaint was not removable to federal court. Accordingly, this petition is timely. *See* 28 U.S.C. § 1446(b)(3).

## NO WAIVER

38. Nothing in this Notice of Removal should be interpreted as a waiver or relinquishment of Defendant's rights to assert defenses or objections including, without limitation, the defenses of (i) lack of personal jurisdiction; (ii) improper venue and/or forum non conveniens; (iii) insufficiency or lack of process or service of process; (iv) improper joinder of claims and/or parties; (v) failure to state a claim; (vi) failure to join an indispensable party(ies); or (vii) any other procedural or substantive defense available under state or federal law.

39. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to brief any disputed issues and to present further evidence and oral argument in support of their position that this case was properly removed.

## VENUE

40. Venue is properly laid in this Court as the U.S. district court for the district in which the FAC is pending. 28 U.S.C. § 1441(a).

WHEREFORE, Defendant respectfully requests that this Court accept this Notice of Removal.

RESPECTFULLY SUBMITTED this 4th day of December, 2019.

| | |
|---|---|
| /s/ Fred Krutz | /s/ Blake Roberts |
| FORMAN WATKINS & KRUTZ LLP | WILMER CUTLER PICKERING HALE AND DORR LLP |
| Fred Krutz (MSB No. 4270) | |
| Daniel J. Mulholland (MSB No. 3643) | Blake Roberts (*pro hac vice pending*) |
| 210 East Capitol St., Ste. 2200 | 1875 Pennsylvania Avenue NW |
| Jackson, Mississippi 39201 | Washington, DC 20006 |
| Telephone: (601) 960-8600 | Telephone: (202) 663-6000 |
| Fax: (601) 960-8613 | Facsimile: (202) 663-6363 |
| fred.krutz@formanwatkins.com | blake.roberts@wilmerhale.com |
| daniel.mulholland@formanwatkins.com | |

*Attorneys for Defendant*

**Certificate of Service**

I hereby certify that on December 4, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system and served the below-listed counsel by electronic mail.

/s/ Fred Krutz

Don Kilgore
Jacqueline H. Ray
Mary Jo Woods
Office of the Attorney General
Post Office Box 220
Jackson, MS 39205
Telephone: (601) 968-3680
Facsimile: (601) 359-2003
dkilg@ago.state.ms.us
jacra@ago.state.ms.us
mwood@ago.state.ms.us

John W. Kitchens
Kitchens Law Firm, P.A.
Post Office Box 799
Crystal Springs, MS 39059
Telephone: (601) 892-3067
Facsimile: (601) 892-3057
jkitchens@kitchenslaw.net

F. Jerome Tapley
Hirlye R. "Ryan" Lutz III
Brett C. Thompson
Cory Watson, P.C.
2131 Magnolia Avenue South
Birmingham, AL 35205
Telephone: (205) 328-2200
jtapley@corywatson.com
rlutz@corywatson.com
bthompson@corywatson.com

Sean Rommel
Wyly-Rommel
4004 Texas Boulevard
Texarkana, Texas 75503
Telephone: (903) 334-8646
Facsimile: (903) 334-8645
srommel@wylyrommel.com