**IN THE CHANCERY COURT OF LOWNDES COUNTY, MISSISSIPPI**

| | |
|---|---|
| THE STATE OF MISSISSIPPI,<br>EX REL. JIM HOOD, ATTORNEY GENERAL<br><br>PLAINTIFF,<br><br>V.<br><br>GOOGLE, INC.<br><br>DEFENDANT. | Civil Action No. 17-22-B |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(3) FOR IMPROPER VENUE**

Pursuant to Mississippi Rule of Civil Procedure 12(b)(3), Google submits this memorandum of law in support of its motion to dismiss this action for improper venue.

**INTRODUCTION**

This is an action brought by the Attorney General pursuant to Section 75-24-9 of the Mississippi Consumer Protection Act ("MCPA") against Google, a foreign corporation with no offices in Mississippi.

The Complaint alleges that venue is proper in Lowndes County based on Section 75-24-9. *See* Compl. ¶ 9. Section 75-24-9 provides three (and only three) possible venues for this case: the defendant's principal place of business (here, outside of Mississippi), the defendant's residence (again, outside of Mississippi), or, with the defendant's consent, Hinds County. *See* Miss. Code Ann. § 75-24-9. Lowndes County is not an available choice. Google does not consent to proceed in Hinds County. There is therefore no appropriate venue for this lawsuit within Mississippi.

This should come as no surprise to the Attorney General. In a brief filed in another

-1-

matter the same day as this lawsuit, the Attorney General acknowledged that Section 75-24-9 does not "provide for proper venue in an action brought exclusively against foreign corporations"—a position the Chancery Court ultimately adopted.  Supp. Mem. in Support of Opp. to Def.'s Joint Rule 12 Mot. for Transf., Doc. No. 192 at 6, *Mississippi v. Purdue Pharma L.P.*, No. 25CH1:15-cv-001814 (Miss. Ch. Ct. Hinds Cty. 1st Dist. Jan. 13, 2017); Order, Doc. No. 197 at 3-4, *Mississippi v. Purdue Pharma L.P.*, No. 25CH1:15-cv-001814 (Miss. Ch. Ct. Hinds Cty. 1st Dist. Feb. 13, 2017).

The Mississippi Supreme Court has squarely held that where the only appropriate venue for an action is outside of Mississippi, dismissal is appropriate.  *Ramsey v. Auburn University*, 191 So. 3d 102, 111 (Miss. 2016).  Dismissal is warranted here.

## BACKGROUND

Google provides schools, teachers, and students throughout the nation with a free suite of web-based educational applications and classroom-management tools through its G Suite for Education ("GSFE") program.  The program serves tens of millions of teachers and students across the country, allowing participating schools to obtain institution-wide access to professional-grade Gmail, Google Docs, Google Drive, and other Google services at no cost. Enrollment in GSFE also provides access to Google Classroom, an app that allows teachers to create class-specific discussion groups, distribute assignments, and provide feedback.  GSFE includes 24/7 access to free tech support and enhanced security features.  Some Mississippi schools have elected to join this nationwide program to enhance the educational opportunities available to Mississippi students.

The Attorney General's complaint alleges that Google is violating the MCPA by collecting and using data from GSFE in ways that the Attorney General alleges are inconsistent

with various representations Google has made. The Attorney General filed this lawsuit without having first even informally asked Google for information about GSFE. The Attorney General admitted—on the day he filed this suit—that it was still "unclear" to him "what information Google is collecting from its GSFE users." He explained that "[t]hrough this lawsuit" he was "seek[ing] to uncover exactly what information Google is … collecting" and "how Google is using that data." *See* Mississippi Attorney General's Office, *Google's G Suite for Education (GSFE)—FAQs*, *available at* http://www.ago.state.ms.us/wp-content/uploads/2017/01/FAQ_google.pdf (last visited Feb. 15, 2017). The Attorney General has things backwards: determining whether wrongdoing has occurred should come *before* filing a lawsuit alleging that it has. But the Court need not reach the Attorney General's unfounded and speculative allegations, for this case fails at the outset. Under clear Mississippi law, the Attorney General has brought suit in an improper venue, and dismissal is required.

## ARGUMENT

The complaint asserts a single claim under the MCPA. The MCPA permits the Attorney General to bring such a claim only in accordance with the statute's mandatory venue provision, which states:

> The action shall be brought in the chancery or county court of the county in which such person resides or has his principal place of business, or, with consent of the parties, may be brought in the chancery or county court of the county in which the State Capitol is located.

Miss. Code Ann. § 75-24-9. Google does not reside in or have its principal place of business in Lowndes County (or anywhere else in Mississippi), and Google does not consent to proceed in Hinds County. There is therefore no proper venue for this lawsuit in Mississippi. The complaint should be dismissed.

I.      **SECTION 75-24-9 IS MANDATORY.**

Venue of suits in equity is governed "entirely by statute." *Guice v. Mississippi Life Ins. Co.*, 836 So. 2d 756, 759 (Miss. 2009) (citing *Green v. Winona Elevator Co.,* 319 So. 2d 224, 226 (Miss. 1975)).  The complaint relies solely on Section 75-24-9 as the statutory basis for proper venue.  *See* Compl. ¶ 9.[1]  Indeed, Section 75-24-9 is mandatory in this case and controls the venue determination here.

The Mississippi Supreme Court has held that when a venue statute uses the word "shall," it is mandatory and controls the venue determination.  *See Capital City Ins. Co. v. G.B. "Boots" Smith Corp.*, 889 So. 2d 505, 516-517 (Miss. 2004) (venue statute with term "'shall be commenced'" is "mandatory" and controls venue determination over other venue statutes that provide where actions "'may be brought'"); *see also Crenshaw v. Roman*, 942 So. 2d 806, 810-811 (Miss. 2006) ("mandatory language, 'shall,'" in one venue statute "controlled over the permissive language, 'may,'" in another); *Am. Home Prods. Corp. v. Sumlin*, 942 So. 2d 766, 769-770 (Miss. 2006) ("between the mandatory 'shall' language" in one venue statute and "the permissive 'may' language" in another, the mandatory statute controlled); *Baptist Mem'l Hosp.-Desoto Inc. v. Bailey*, 919 So. 2d 1, 3-4 (Miss. 2005) (same).  Here, Section 75-24-9 provides that an action by the Attorney General under the MCPA "*shall* be brought" in a venue permitted by that provision.  Miss. Code Ann. § 75-24-9 (emphasis added).[2]

---

[1] The complaint also cites Mississippi Rule of Civil Procedure 82(b), but that rule does not expand the venue options beyond the applicable statute.  It states only that, "[e]xcept as provided by this rule, venue of all actions shall be as provided by statute."

[2] The general chancery court venue statute provides that "cases not otherwise provided may be brought in the chancery court of any county where the defendant … may reside or be found." Miss. Cod Ann. § 11-5-1.  Because Section 75-24-9 uses mandatory language, it, rather than Section 11-5-1, controls.  But even under Section 11-5-1, there is no permissible venue in Mississippi for this action, since Google neither resides nor can be found in Mississippi.

At least one Mississippi court has already recognized that Section 75-24-9 is mandatory and controls the venue determination in an MCPA action. In *Mississippi v. Yazaki North America, Inc.*, No. 25CH1:15-cv-001508 (Miss. Ch. Ct. Hinds Cty. 1st Dist.), the Attorney General filed an MCPA action in Hinds County against a group of foreign corporations, which moved to dismiss for improper venue or alternatively to transfer venue to Madison County, where one defendant had a place of business. The Hinds County Chancery Court held that Section 75-24-9 was "a mandatory venue statute specifically designed for an action brought by the Attorney General on behalf of the State of Mississippi" that controlled the venue determination over any other permissive general venue statute. *Id.*, Doc. 170 at 4; *see also id.* at 5 (venue must be consistent with "the unambiguous and mandatory terms of Section 75-24-9").[3] Section 75-24-9 is mandatory in this action and must control the venue determination.

## II. VENUE IN MISSISSIPPI IS IMPROPER UNDER SECTION 75-24-9.

Under Section 75-24-9's plain terms, the Attorney General may bring this action only (1) where Google has its principal place of business, (2) where Google resides, or (3) in Hinds County, if Google consents. Miss. Code Ann. § 75-24-9. The complaint does not allege that any of these conditions are satisfied—and none is.[4]

---

[3] The Hinds County Chancery Court ordered the action transferred to Madison County because Hinds County was not consistent with the criteria in Section 75-24-9 and Madison County "is the only forum that could be even remotely consistent with the unambiguous and mandatory terms of Section 75-24-9." *Id.*, Doc. 170 at 5. The foreign corporations have renewed their motion to dismiss for improper venue in the Madison County Chancery Court, arguing that the place of business one defendant has there is not its *principal* place of business, as the statute requires. Their motion remains pending as of February 27, 2017.

[4] Instead, the Attorney General alleges that venue is proper because "Google did market, promote, advertise, implement, administer, and maintain contracts for GSFE and Chrome/Chrome Sync in Mississippi and in Lowndes County specifically." Compl. ¶ 9. Even if true, that alleged activity does not establish that venue is proper under Section 75-24-9.

*First*, the complaint does not allege that Google's principal place of business is in Lowndes County. It instead states, correctly, that Google's "principal place of business is at 1600 Amphitheatre Parkway, Mountain View, Santa Clara County, California." Compl. ¶ 6.

*Second*, the complaint does not allege that Google resides in Mississippi. Google does not. Prior to 2013, the Mississippi Supreme Court had held that a foreign corporation "resides" within Mississippi *only* in whichever Mississippi county it has a registered agent for service of process. *See Penn Nat'l Gaming, Inc. v. Ratliff*, 954 So. 2d 427, 434 (Miss. 2007) ("[B]ecause Penn National is a foreign corporation with its principal place of business in Pennsylvania, the only place where it can be said to reside in this state is where an agent for service of process may be found."). In 2012, however, the Mississippi Legislature enacted the Registered Agents Act ("RAA"), which prohibits using the corporate agent's location to determine venue.[5] The RAA provides that "[t]he address of the agent does not determine venue in an action or proceeding involving the entity." Miss. Code Ann. § 79-35-15. As the Secretary of State's Division of Policy and Research explained, this statute makes "it clear that under Mississippi law, the location of the address of the corporation's … registered agent would not be considered when determining whether venue is proper in a civil action."[6]

In light of the RAA, the Attorney General has expressly conceded that for venue purposes, "foreign defendants do not 'reside' in Mississippi or have a 'principal place of business' here." Opp. to Def.'s Joint Rule 12 Mot. to Transf., Doc. No. 139 at 7, *Mississippi v.*

---

[5] The RAA became effective on January 1, 2013.

[6] Division of Policy and Research, Office of the Secretary of State, to Model Registered Agent Act Committee, *Issue: Is venue appropriate in the county where the registered agent is located for defendant corporations or LLCs?*, p. 3 (Mar. 31, 2009), *available at* http://www.sos.ms.gov/Policy-Research/Documents/MORAA%20mat1.pdf (p. 102).

*Purdue Pharma L.P.*, No. 25CH1:15-cv-001814 (Miss. Ch. Ct. Hinds Cty. 1st Dist. June 16, 2016). It follows that Section 75-24-9 does not provide for proper venue in Mississippi in an MCPA action brought against a foreign corporation (absent consent to Hinds Country venue). The Attorney General has conceded this as well. In *Mississippi v. Purdue Pharma L.P.*, an MCPA action against a group of foreign corporations, the Attorney General expressly argued that "after passage of the RAA," Section 75-24-9 does not "provide for proper venue in an action brought exclusively against foreign corporations." Supp. Mem. in Support of Opp. to Def.'s Joint Rule 12 Mot. for Transf., Doc. No. 192 at 6, *Mississippi v. Purdue Pharma L.P.*, No. 25CH1:15-cv-001814 (Miss. Ch. Ct. Hinds Cty. 1st Dist. Jan. 13, 2017). Relying on the Attorney General's argument, the Hinds County Chancery court accepted this position. Order, Doc. No. 197 at 4, *Mississippi v. Purdue Pharma L.P.*, No. 25CH1:15-cv-001814 (Miss. Ch. Ct. Hinds Cty. 1st Dist. Feb. 13, 2017) (concluding that "after passage of the RAA," Section 75-24-9 does not "provide for proper venue in an action brought exclusively against foreign corporations, none of which have a principal place of business in Mississippi").

*Third*, Google does not consent to venue in Hinds County.

Under the MCPA's "unambiguous and mandatory" venue provision, there is therefore no proper venue for this action in Mississippi.

**III.   SECTION 11-11-3 DOES NOT APPLY TO THIS SUIT**

In the *Purdue Pharma* case, the Attorney General argued that venue was proper in that case in Mississippi under the general circuit court venue statute, Miss. Code Ann. § 11-11-3. Notably, the Complaint in this case, filed the same day as the Attorney General's brief making that argument in *Purdue Pharma*, does not invoke Section 11-11-3, and for good reason. Section 11-11-3's plain text forecloses that argument here. Section 11-11-3, by its terms, applies only to

"[c]ivil actions of which the *circuit court* has original jurisdiction." Miss. Code Ann. § 11-11-3 (emphasis added); *see also Holmes v. McMillan*, 21 So. 3d 614, 618 n.2 (Miss. 2009) (emphasizing that Section 11-11-3 governs "'[c]ivil actions of which the *circuit court* has original jurisdiction'").[7] The MCPA provides that suits brought to enforce its provisions "shall be brought in the chancery or county court," taking MCPA cases outside the original jurisdiction of the Circuit Court. *See* Miss. Code Ann. § 9-7-81 (circuit court has original jurisdiction over civil suits "which are not exclusively cognizable in some other court"). Therefore, Section 11-11-3 does not apply in this case.

The Hinds County Chancery Court's recent decision in the *Purdue Pharma* case, which applied Section 11-11-3 to determine proper venue for an action based in part on the MCPA, is not to the contrary. The Attorney General's complaint in that case joined legal claims over which the circuit court had proper jurisdiction with equitable claims under the MCPA. Order, Doc. No. 197 at 2, *Mississippi v. Purdue Pharma L.P.*, No. 25CH1:15-cv-001814 (Miss. Ch. Ct. Hinds Cty. 1st Dist. Feb. 13, 2017). Such hybrid cases properly fall within the original jurisdiction of the circuit court. *See Derr Planation, Inc. v. Swarek*, 14 So. 3d 711, 716 (Miss. 2009) ("'if the complaint seeks legal relief, even in combination with equitable relief, the circuit court can have proper subject matter jurisdiction'") (quoting *RAS Family Partners v. Onnam Biloxi, LLC*, 968 So. 2d 926, 928 (Miss. 2007)). Here, by contrast, the Attorney General's sole claim arises under Section 75-24-9 of the MCPA and must be governed by the rules applicable to chancery court jurisdiction.

---

[7] Although the suit in *Holmes* was initially filed in county court, the Supreme Court explained that venue was proper under Section 11-11-3 because the circuit court had original jurisdiction and the county court had concurrent jurisdiction under a separate venue statute, Miss. Code Ann. § 9-9-21. 21 So.3d at 618 n.2. Here, in contrast, the circuit court does not have original jurisdiction.

-8-

Moreover, the precedent on which *Purdue Pharma* chiefly relied does not support applying Section 11-11-3 here. That decision cited *Wilkerson v. Goss* for the proposition that the Mississippi Supreme Court has held Section 11-11-3 applicable in chancery court. Order, Doc. No. 197 at 5, *Mississippi v. Purdue Pharma L.P.*, No. 25CH1:15-cv-001814 (Miss. Ch. Ct. Hinds Cty. 1st Dist. Feb. 13, 2017). *Wilkerson* is not so broad. It holds only that a chancery court properly applied Section 11-11-3 to determine venue when transferring a case within the circuit courts' jurisdiction to the proper circuit court. *Wilkerson v. Goss*, 113 So.3d 544, 546-547 (Miss. 2013) (because claim was "more legal than equitable in nature," the chancery court properly relied on Section 11-11-3 to determine which circuit court was the proper venue). *Wilkerson* did not hold that suits like this one, assigned to the exclusive jurisdiction of the chancery court, could be heard in circuit court, or that Section 11-11-3 controlled venue for cases assigned exclusively to the chancery and county court's jurisdiction.

## IV.  DISMISSAL IS THE REMEDY FOR LACK OF VENUE IN THIS ACTION.

Dismissal is the remedy when a plaintiff's chosen venue is improper and there is no proper venue in Mississippi. *See, e.g.*, *Ramsey v. Auburn University*, 191 So. 3d 102, 111 (Miss. 2016); *Canadian Nat'l R. Co. v. Smith*, 926 So. 2d 839, 846 (Miss. 2006). Dismissal is therefore required here: under Section 75-24-9, venue is not proper in Lowndes County or anywhere else in Mississippi.

There is nothing unusual about this result. To the contrary, the Mississippi Supreme Court has squarely recognized that state law may not always provide for a proper venue in Mississippi, and has held that dismissal is the appropriate remedy when it does not.

The Mississippi Supreme Court considered this issue in *Missouri Pacific Railroad v. Tircuit*, 554 So. 2d 878, 880-881 (Miss. 1989). *Tircuit* involved a venue statute applicable to

actions against railroads providing that such actions "*may be brought* [1] in the county where the cause of action accrued, [2] in the county where the defendant has its principal place of business or [3] in the county in which the plaintiff resides." *Id.* at 880 (quoting Miss. Code Ann. § 11-11-5 (1989) (emphasis added)). The railroad defendant moved to dismiss for improper venue because the action did not accrue in Mississippi, the defendant did not maintain its principal place of business in Mississippi, and the plaintiffs did not reside in Mississippi. *Id.* The Mississippi Supreme Court recognized that courts could "be in the anomalous posture of having in personam jurisdiction over the defendant railroad but with no place in which the case may lawfully be tried." *Id.* The Court explained:

> *That a result may be anomalous does not necessarily preclude it.* The legislature certainly has the authority to enact regarding venue of actions against railroads and to provide that, if the action does not fit within a venue authorized by that special venue statute, then it may not be heard in Mississippi, notwithstanding that there be personal jurisdiction and, as well, great convenience to the parties.

*Id.* at 880-881 (emphasis added).

In *Tircuit*, however, the Court held that it did not face such a circumstance because the railroad venue statute used the permissive language "'may be brought,'" and thus was not "the only venue statute to which parties may resort in an action against a railroad." *Id.* at 881. "The statute merely provides that actions against any railroad corporation '*may* be brought' in one of the three venues noted above." *Id.* Thus, Mississippi's general venue statute, Miss. Code Ann. § 11-11-3, could apply as a fallback when the railroad venue statute did not identify a proper venue. *Id.* "The railroad venue statute, because it employs the permissive 'may,' requires that it be read in conjunction with the general venue statute," and on the facts there, the general statute provided for a proper venue in Mississippi. *Id.*

Section 75-24-9, in contrast, uses the mandatory language "shall." This case thus

-10-

presents the situation that the Mississippi Supreme Court contemplated in *Tircuit*. Section 75-24-9 is a special and mandatory venue statute that on the facts here does not authorize venue for this action anywhere in Mississippi.

The Mississippi Supreme Court has since confirmed what it suggested in *Tircuit*: where there is jurisdiction but no proper venue, dismissal is proper. In *Ramsey*, the Court held that because "venue was improper" anywhere in Mississippi, but was instead proper in Alabama, the "trial court did not err in dismissing Ramsey's complaint." 191 So. 3d at 110. The Court specifically rejected the argument that the trial court should have transferred the case to Alabama instead of dismissing, explaining that "Mississippi trial courts lack the authority to transfer cases to the courts of the other states." *Id.* at 111. Because the Attorney General cannot establish venue in Mississippi under Section 75-24-9, this action must likewise be dismissed.

The Attorney General may well argue that as a policy matter, he should be permitted to force foreign corporations to defend MCPA actions in whatever venue the Attorney General selects. But that is not what Section 75-24-9 says. Nor is this the appropriate forum for arguments about whether the Attorney General should have that power. "The function of the Court is not to decide what a statute should provide, but to determine what it does provide." *Lawson v. Honeywell Int'l, Inc.*, 75 So. 3d 1024, 1027 (Miss. 2011). "When a statute is unambiguous and conveys a clear and definite meaning, [this Court] follows its plain terms." *Lutz Homes, Inc. v. Weston*, 19 So. 3d 60, 62 (Miss. 2009). Section 75-24-9's terms, as the Hinds County Chancery Court has recognized, are "unambiguous and mandatory." Order, Doc. No. 170 at 5, *Mississippi v. Yazaki North America, Inc.*, No. 25CH1:15-cv-001508 (Miss. Ch. Ct. Hinds Cty. 1st Dist. Sept. 26, 2016).

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court dismiss the complaint for improper venue under Rule 12(b)(3).

RESPECTFULLY SUBMITTED this 27th day of February, 2017.

| | |
|---|---|
| | /s/ Peter G. Neiman _____ |
| FORMAN WATKINS & KRUTZ LLP | WILMER CUTLER PICKERING HALE AND DORR LLP |
| Fred Krutz (MSB No. 4270) | |
| Daniel J. Mulholland (MSB No. 3643) | Peter G. Neiman (*pro hac vice*) |
| 200 South Lamar Street, Suite 100 | 7 World Trade Center |
| Jackson, Mississippi 39201 | 250 Greenwich Street |
| Telephone: (601) 960-8600 | New York, NY 10007 |
| Fax: (601) 960-8613 | Telephone: (212) 230-8800 |
| fred.krutz@formanwatkins.com | Facsimile: (212) 230-8888 |
| daniel.mulholland@formanwatkins.com | peter.neiman@wilmerhale.com |
| | |
| | Blake Roberts (*pro hac vice*) |
| | Jonathan Bressler (*pro hac vice*) |
| | Molly Jennings (*pro hac vice*) |
| | 1875 Pennsylvania Avenue NW |
| | Washington, DC 20006 |
| | Telephone: (202) 663-6000 |
| | Facsimile: (202) 663-6363 |
| | blake.roberts@wilmerhale.com |
| | jonathan.bressler@wilmerhale.com |
| | molly.jennings@wilmerhale.com |
| | |
| | Attorneys for Defendant |

## **CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the Clerk of the Chancery Court of Lowndes County, Mississippi by using the Court's CM/ECF system on February 27, 2017. I further certify that all parties are represented by attorneys who are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

THIS the day of 27th February, 2017

　　　　　　　　　　　　　　　　　　　　　　　___/s/ Daniel J. Mulholland_____
　　　　　　　　　　　　　　　　　　　　　　　Daniel J. Mulholland